UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Lynard Graham, #299605, | ) | C/A No. 4:07-2896-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Thomas McFadden, and | ) | |
| Barry Prosser, | ) | |
| | ) | |
| Defendants. | ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, John Lynard Graham ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on August 23, 2007. Plaintiff alleges that his constitutional rights were violated by defendants. Defendants filed a motion for summary judgment on April 11, 2008. Because plaintiff is proceeding pro se, he was advised on or about April 14, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. The *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service on April 22, 2008, marked "Return to Sender-Released." (Document #30).[2]

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] The court's Scheduling Order was returned to the Clerk of Court's office via United States Postal Service on January 10, 2008, as undeliverable. (Document #23).

Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment, or the court's Order requiring him to respond. Further, the *Roseboro* Order and the court's Order of January 3, 2008, were returned to the Clerk of Court's office via United States Postal Service as undeliverable. The *Roseboro* Order was returned marked "released." Plaintiff has not provided the court with an updated address as required by the Order of September 27, 2007. The undersigned concludes the plaintiff has abandoned his lawsuit as to these defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

                Respectfully submitted,

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

May 27, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3